IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNIVERSITY LOFT COMPANY** | § | |
| | § | |
| VS. | § | NO.  A-15-CV-826 LY |
| | § | |
| **BLUE FURNITURE SOLUTIONS, LLC** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Blue Furniture Solutions, LLC's Second Motion for Summary Judgment and for Judgment Per Fed. R. Civ. P. 12(c) (Dkt. No. 25); and Plaintiff's Response to Defendant's Second Motion for Summary Judgment and for Judgment Under Federal Rule 12(c) (Dkt. No. 16).  The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I. BACKGROUND**

University Loft Company brings this suit against Blue Furniture Solutions, LLC.  University alleges that Blue Furniture engaged in false advertising and trademark infringement under the Lanham Act, unfair competition under Texas and Florida common law and the Florida Deceptive and Unfair Trade Practices Act, and tortious interference with prospective business relationships.[1]

---

[1] Shortly after University filed its First Amended Complaint Blue Furniture moved for summary judgment and for judgment on the pleadings.  Dkt. No. 13.  At the same time, the Court also entered a stay of discovery. Dkt. No. 15.  Blue University's first motion was dismissed after University filed a second amended complaint. Dkt. No. 24.  Then, immediately after the discovery stay was lifted, Blue Furniture again filed a motion for summary judgment and judgment on the pleadings.  Dkt. No. 25. This motion incorporated by reference its first motion, and addressed the added trademark infringement claims.  *Id.* at 2.  In the interest of moving this case forward, the Court

As the basis for these claims, University alleges that, among other unidentified statements, Blue Furniture claimed that: (1) it offers Chinese "high quality products made exactly as 'Made in USA' products"; and (2) it "is able to achieve low prices and fast delivery on such high quality products, because of the intimate relationship between the manufacturer and Blue's president Jeff Zeng, and Blue's understanding of how the local government in China operates." Dkt. No. 22 at 3. According to University, the first statement is false or misleading because the quality of Blue Furniture's products is not equal to that of "Made in the USA" products. It argues that the second statement is false because Blue Furniture's prices are not the product of special relations with the Chinese government, but rather because Blue Furniture's importing costs are substantially lower than they should be due to evasion of customs duties. Specifically, University claims that Blue Furniture's low prices are actually due to mislabeling its products as "steel" to avoid additional anti-dumping duties that are required for "Wooden Bedroom Furniture" imported from China. University thus alleges that the false or misleading statements are the basis of its false advertising, unfair competition, and tortious interference claims.

In its Second Amended Complaint, University added a claim for trademark infringement. Here, University alleges that Blue Furniture's use of the mark "LOFT" for one of its furniture lines infringes on University's registered and common law word and design trademarks. *See* Dkt. No. 22 at 6. Additionally, the trademark infringement claims were included as an alternative basis for University's unfair competition and tortious interference claims. Blue Furniture has moved for summary judgment or, in the alternative, for judgment on the pleadings, on all of University's claims.

---

will address the arguments from both the first and second motions for summary judgment.

## II. LEGAL STANDARDS

A.     **Summary Judgment**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

B.     **Judgment on the Pleadings**

The standard for deciding a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the one for deciding a motion under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted).

While a complaint does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

In deciding a motion to dismiss or for judgment on the pleadings, the Court may consider documents that are essentially "part of the pleadings"—that is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public records and other matters subject to judicial notice without converting the motion into one for summary judgment. *See United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

## III. ANALYSIS

Shortly after the discovery stay was lifted, Blue Furniture once again moved for summary judgment and judgment on the pleadings. Dkt. No. 25. Given that no discovery that had taken place at the time this motion was filed, consideration of a motion for summary judgment is premature. *See George v. Go Frac, LLC*, No. SA:15-CV-943, 2016 WL 94146, at *4 (W.D. Tex. Jan. 7, 2016) (finding that because the motion had been filed before discovery had taken place, it was premature); *see also A. Perez Y Cia, S.L. v. Honor Worldwide Logistics, LLC*, No. 4:14-CV-2250, 2014 WL 12531210, at *2 (S.D. Tex. Oct. 16, 2014) ("[B]oth parties are urged to defer filing motions for summary judgment before discovery is complete or where there is any doubt that some fact on which the motion is premised will be disputed."). Blue Furniture cannot file a motion arguing that University Loft is unable to provide any evidence to support its contentions when University has not been given the opportunity to discover this evidence. Thus, Blue Furniture's motion for summary judgment should be denied without prejudice to being urged once the parties have been able to conduct discovery.

On the other hand, Blue Furniture's alternative motion for judgment on the pleadings is appropriately considered at this time, as it is based solely on the contents of the amended complaint. Blue Furniture argues that the Court should grant judgment on the pleadings on University's claims for (1) false advertising under the Lanham Act; (2) unfair competition under Texas and Florida common law; (3) violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA); (4) tortious interference with University's prospective business relationships; and (5) trademark infringement. University responds that it has sufficiently alleged these and that each are claims upon which relief may be granted. It asks that the Court deny Blue Furniture's motion.

A.     **Lanham Act False Advertising**

To state a claim for false advertising under the Lanham Act, a plaintiff must show:

(1)     A false or misleading statement of fact about a product;

(2)     Such statement either deceived, or had the capacity to deceive, a substantial segment of potential customers;

(3)     The deception is material, in that it is likely to influence the customer's purchasing decision;

(4)     The product is in interstate commerce; and

(5)     The plaintiff has been or is likely to be injured as a result of the statement at issue.

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).  To meet the first element, a statement must either be "literally false" or "likely to mislead and confuse consumers." *Id.* at 495-96.  The statement must be one of fact, and cannot be opinion or mere "puffery." *Id.*  To be a statement of fact, the statement "must be a 'specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.'" *Id.* at 496 (quoting *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999)).  A statement that is not literally false may still be actionable if it "reaches innuendo, indirect intimations, and ambiguous suggestions evidenced by the consuming public's misapprehension of the hard facts underlining an advertisement." *Better Bus. Bureau of Metro. Houston, Inc. v. Med. Directors, Inc.*, 681 F.2d 397, 400 (5th Cir. 1982) (internal quotations omitted).  A statement is not a statement of fact, but rather is mere "puffery" when it is either "(1) an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying; or (2) a general

claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion." *Id.* at 496-97.

In its complaint, University provides two examples of Blue Furniture's alleged false advertising: (1) China provided "many amazing, high quality products made exactly as 'Made in USA' products;" and (2) Blue Furniture's low prices are based on special relationships with the manufacturer and its understanding of the Chinese local government. Dkt. No. 22 at 7-8. University contends that both statements are "literally false," or at least likely to mislead, and thus actionable under the Lanham Act. Blue Furniture disagrees, arguing that the two statements are non-actionable opinion or puffery, and that the Lanham Act claim should be dismissed.

The Court agrees with University that it has sufficiently pled a claim for false advertising. Taking the facts alleged as true, the Court finds that the first statement is arguably "likely to mislead." Blue Furniture asserts that the context of this statement makes it non-actionable; namely it relies on its explanation, provided earlier in the same article, that Blue Furniture provides either "high quality, high price," or "low quality, low price" products. Dkt. No. 13-1 at 1. However, this explanation appears pages before the allegedly misleading statement; the context does not make the statement non-actionable without additional facts about its impact on consumers. Moreover, taken in its entirety, the paragraph with the allegedly misleading statement reads:

> The ability of my company to not ever have to worry about these issues and properly provide exactly what we had indicated we will, when we will, is amazing. Our process is very smooth and we continue to make our clients happy with the quality of our product. The price is always lower than the amount the client has to spend and they receive exactly what they ask for. *When working with my owner, understanding that China has many amazing, high quality products made exactly as "Made in the USA" products is important.* The only difference is that China offers these products for a much lower price.

*See* Dkt. No. 13-1 at 6-7 (emphasis added). The statement is a statement that goes beyond mere puffery. First, the context is clear that these statements are intended to be understood by the reader to be applicable to Blue Furniture's products. The statements at issue are "China has many amazing, high quality products made exactly as 'Made in the USA' products" are made, and that the only difference between Blue Furniture's products and the same products made in the U.S. is the price. These are sufficiently factual statements to be actionable, as they are not merely opinion or puffery. Rather, the statements make more than "ambiguous suggestions" as to the quality of the products that Blue Furniture provides. Based on the facts alleged, University has made a plausible claim that this statement is likely to mislead.

Similarly, the second statement, that Blue Furniture's low prices are based on its manufacturer's special relationship with the Chinese government, is a factual statement, and is thus capable of being literally false. University alleges that Blue Furniture's prices have nothing to do with a "special relationship" with the Chinese government, but instead are low because Blue Furniture evades customs duties by mislabeling its products. This statement can be proven to be literally false, and as such is a statement of fact, not opinion. This makes the statement actionable.

**B.     Unfair Competition**

University also makes a common law unfair competition claim. Under Texas law, "unfair competition" is a general rubric under which fall all statutory and non-statutory causes of action arising out of dishonesty in industrial or commercial matters. *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 938 (S.D. Tex. 2004), *aff'd*, 129 F. App'x 874 (5th Cir. 2005). To prevail, the plaintiff must show that the defendant committed an illegal act that interfered with the plaintiff's

ability to conduct its business; the illegal act need not necessarily violate criminal law, but must at least be an independent tort. *Id.*[2]

Blue Furniture relies on a decision from the Northern District of New York to support its argument that University has failed to show an independent tort on which to base its claim of unfair competition. *S/N Precision Enterprises, Inc. v. AXSYS Technologists, Inc.*, 2005 WL 2614776 (N.D.N.Y. Oct. 14, 2005). In that case, the court held that a party may not bring a suit for unfair competition based on evasion of anti-dumping duties. *Id.* at *3. The court stated that it would not "countenance a private cause of action, the effect of which would circumvent" the Tariff Act. *Id.* It therefore dismissed the plaintiff's claims of unfair competition based on the defendant's false or misleading statements on import customs forms. This, the court found, would have created a "private cause of action for persons injured by dumping," which conflicted with the United States's international obligations. *Id.* Importantly, however, the court in *AXSYS Technologists* did not completely dismiss the unfair competition claim, but rather only dismissed it to the extent it was based on evasion of anti-dumping duties. It allowed S/N Precision to proceed forward with an unfair competition claim based on AXSYS's allegedly misleading statements about the origin of its products. *Id.* at *6.

The situation is the same here. The challenged statement says nothing about duties or dumping. The statement at issue claims that the manufacturer of Blue Furniture's products has a special relationship with China, and that relationship allows its to offer its customers lower prices. University need not prove that Blue Furniture wrongfully evaded duties to prove its claim. Instead,

---

[2]University asserts an unfair competition claim under both Texas and Florida law. Blue Furniture argues that Texas provides the applicable law. The Court not need decide the choice of law question to decide this motion, as the result is the same under either state's law.

it need only prove that Blue Furniture's manufacturer does not have a special relationship with the Chinese government. University's second-level assertion that the *real* reason Blue Furniture's prices are low is its evasion of duties may well bolster University's claim, but the claim itself is not based on duty evasion. Many courts beside *AXSYS Technologists* have made this same distinction. *See In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 867 (N.D. Ill. 2015) (allowing claims to go forward for "misleading labels and advertising" to the consumers, which was also the basis for alleged violations of customs duties); *Greater Houston Trans. Co. v. Uber Techs., Inc.*, 155 F. Supp. 3d 670, 697 (S.D. Tex. 2015) (finding that a claim for false advertising would be an independent tort that would support a claim for unfair competition).[3]

Because University's challenge to Blue Furniture's claim of a special relationship with the Chinese government is not dependent upon proving illegal dumping, Blue Furniture's motion for judgment on the pleadings on this claim fails.

**C.     FDUTPA**

Blue Furniture also moves to dismiss University's claim under Florida's unfair trade practices act for two reasons: (1) University does not have standing to sue under the FDUTPA because it is not a consumer; and (2) the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA)—which does not grant competitors standing to sue—governs this case. The undersigned recommends that the Court decline to decide these issues in the context of a motion to dismiss, as the choice of law question turns on factual issues, and the parties have not briefed the choice of law

---

[3]The other case Blue Furniture relies on also does not support dismissal of the claim, as the court in that case allowed claims to go forward so long as they were not based on allegations of price discrimination or illegal international pricing. *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 892 F. Supp. 347, 355 (D.N.H. 1995).

issue. *See In re McCormick & Co., Pepper Prods. Marketing & Sales Practices Litig.*, 2016 WL 6078250, at *7 (D.D.C. Oct. 17, 2016) (declining to dismiss a FDUTPA claim based on a choice-of-law analysis until there is a "complete factual record or adequate briefing"). Moreover, Florida courts are split on whether a person must be a consumer to bring a claim under the FDUTPA, so even the law on that issue is uncertain. *See Dem. Rep. of the Congo v. Air Capital Group, LLC*, 614 F. App'x 460, 468 (11th Cir. 2015) (describing the split among Florida courts on whether a business competitor has standing under the FDUTPA, but declining to weigh in on the discussion). Until discovery takes place, and facts on the relevant choice of law issues are presented, it would be premature to decide which of the state law unfair practices acts is applicable here.

**D.     Tortious Interference**

Blue Furniture next argues that University's claim for tortious interference with prospective business relationships should be dismissed. Again, Blue Furniture states that to prove a claim for tortious interference, University must be able to allege an actionable independent tort. *See Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001). Because the Court has concluded that University has stated an actionable claim for two independent torts—trademark infringement (see below) and false advertising—this argument fails.

**E.     Trademark Infringement**

In Blue Furniture's second motion for judgment on the pleadings, it contends that University's claim for infringement of its "LOFT" trademark based on Blue Furniture's selling a line of furniture called "LOFT" should be dismissed. To prevail on a trademark infringement claim a plaintiff must first "establish ownership in a legally protectable mark, and second . . . show infringement by demonstrating a likelihood of confusion." *Amazing Spaces, Inc. v. Metro Mini*

11

*Storage*, 608 F.3d 225, 235-36 (5th Cir. 2010) (internal citations omitted).  Here, Blue Furniture argues both that University does not have a protectable mark, and that it fails to show a likelihood of confusion.  Blue Furniture asserts that University does not have a protectable mark for three reasons: (1) University's mark explicitly excludes the furniture that Blue Furniture sells under the allegedly infringing mark; (2) University's mark is generic or, in the alternative, descriptive with no secondary meaning; and (3) University never engaged in bona fide use of the mark.  Blue Furniture additionally argues that there is no likelihood of confusion because University's design mark and Blue Furniture's allegedly infringing mark are not substantially similar.[4]

### 1. Scope of mark

First, Blue Furniture argues that it cannot infringe on University's trademark as University's registration explicitly excludes loft beds and furniture used with loft beds.  *See* Dkt. Nos. 25-1 & 25-2.  Blue Furniture insists that all of the furniture in its line is excluded as it can all be classified as furniture "used with" loft beds.  Relying on Webster's definition of a "loft" Blue Furniture states that "loft furniture could include any furniture found or used in an upper room or floor." Dkt. No. 25 at 6. This argument is nonsensical.  By this definition, the registration would exclude all furniture as any type of furniture could potentially be placed in a "loft."  Moreover, the extent to which some furniture, if any, may be excluded by the terms of the registration does not bear on whether

---

[4] Blue Furniture additionally argues that the Court should cancel University's word and design marks.  A "court may . . . order the cancellation of registrations, in whole or in part . . . of any party" to a trademark action.  15 U.S.C. § 1119.  The court should cancel a mark if it is found to be invalid for lack of inherent distinctiveness.  *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d. 221, 232 (5th Cir. 2009).  At a preliminary stage it is plainly improper for a court to consider cancellation of a mark, as it would turn on numerous factual questions, and the facts are not yet before the court.

University has a protectable mark, but would rather go to the extent of Blue Furniture's alleged infringement.

### 2. Strength of the Mark

Next, Blue Furniture argues that both University's word and design marks are not protectable because they are not inherently distinctive. Marks are classified into categories of increasing distinctiveness: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). "The latter three categories of marks, because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection." *Id.* At the other end of the spectrum, generic marks are not registrable as trademarks. *Id.* Descriptive marks are not "inherently distinctive" but may be registered if they have "become distinctive of the applicant's goods in commerce." *Id.* Registration by the USPTO provides "prima facie evidence of the validity of [a] registered mark." 15 U.S.C. § 1115(a). Importantly for these purposes, whether a mark is generic, and whether a mark has gained secondary meaning, are both questions of fact. *Id.* at 227; *Bd. of Supvsrs. for LSU v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008).

Blue Furniture argues that University's word and design marks are not protectable. First, it asserts that the word mark is generic or, in the alternative, it is descriptive and lacks secondary meaning. Second, it argues that the design mark is not "unique or unusual" and therefore not protectable. As both the word mark and design mark are registered, this is prima facie evidence of validity, and because there are no additional facts before the Court, Blue Furniture's motion to

13

dismiss is groundless. Further, these are both fact questions which are inappropriate for a judgment on the pleadings.[5]

### 3. Bona Fide Use

Next, Blue Furniture claims that University has not engaged in bona fide use of its design mark. "Ownership of a mark requires a combination of both appropriation and use in trade." *Blue Bell, Inc. v. Farah Mfg., Co.*, 508 F.2d 1260, 1264-65 (5th Cir. 1975). Thus, "ownership of a trademark accrues when goods bearing the mark are placed on the market." *Id.* at 1265. But as demonstrated by Blue Furniture's own motion, this analysis is fact-intensive and requires evidence outside of the pleadings. *See* Dkt. No. 25 at 11-13. Here, Blue Furniture attached a University catalog, which purports to show that University has not used its design mark. To grant a judgment on the pleadings, a court may only consider the pleadings and any documents referenced by or incorporated in the pleadings. *Causey*, 394 F.3d at 288. The catalog presented was outside any evidence referenced in the pleadings, and therefore may not be considered on the motion before the Court. Moreover, University's registration of both of its marks is prima facie evidence of validity, which is sufficient at the pleading stage to for a trademark infringement claim to survive dismissal.

### 4. Substantially Similarity

Lastly, Blue Furniture contends that the design mark used by University is not substantially similar to Blue Furniture's design mark. Here, it misstates the law. Blue Furniture relies on *American Registry of Radiologic Technologists v. Bennett*, to support its proposition that a court may

---

[5]Additionally, Blue Furniture's "genericness" argument would likely fail on its own pleadings. It provided a definition of "loft" that did not include furniture, but rather was "an upper room or floor." *See* Dkt. No. 25 at 6. This does not support its argument that "loft" is somehow a generic description of a type of furniture.

determine as a matter of law non-infringement when the marks are not substantially similar. 939 F. Supp. 2d 695, 708 (W.D. Tex. 2013). However, that case addressed similarity in the context of copyright law, not trademark law. *Id.* For infringement of a trademark, the plaintiff must show both a valid mark and a likelihood of confusion. *Smack Apparel*, 550F.3d at 478. Courts look to eight "digits of confusion" to determine whether the defendant infringed, and similarity of the marks is only one of these factors. *Id.* In the likelihood of confusion analysis, no single factor is dispositive and the factors may be "weigh[ed] differently from case to case." *Id.* The court cannot determine as a matter of law that the marks are so dissimilar that there is no likelihood of confusion with the marks. Therefore, this argument fails.

## IV. RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that the District Judge **DENY** Blue Furniture's Second Motion for Summary Judgment and for Judgment Per Fed. R. Civ. P. 12(c) (Dkt. No. 25).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of March, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE